Our fourth case for argument today is Allen-Noll v. Madison Area Technical College. Mr. Coe. Good morning. Good morning, Justices. May it please the Court, my name is Rocky L. Coe, a senior practitioner in Milwaukee, Wisconsin, and I represent Plaintiff Taystheedra D. Allen-Noll in this racial discrimination case who, despite four years of written superlative appraisals, was terminated in retaliation after she continued to file internal complaints of racial harassment that defendants, in order to protect its Caucasian employees, refused to investigate. Notably, Allen-Noll was the only African-American nursing instructor out of a faculty of about 64 instructors. Remarkably, it is indisputable that defendants, Madison Area Technical College, or MATC, also a state Wisconsin school, denied Allen-Noll the due process and equal protection of its own mandate to investigate and resolve any harassment claim within 30 days. And that is precisely why Allen-Noll had to resort to the external sources of the judicial system and this appellate court to pursue charges against defendants' discriminatory abrogation of her career employment contract in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000E2, 42 U.S.C. Section 1981, 42 U.S.C. Section 1983, the due process clauses of the Fifth and Fourteenth Amendments, and the equal protection clause of the Fourteenth Amendment. Inexplicably, defendants used hearsay of poor performance that had been exposed as substantially exaggerated dishonesty or lies to abrogate Allen-Noll's contract. And Dean Lausch, that was her supervisor, in order to give the board authority to fire Allen-Noll, admits in Appeal Exhibit 12 that he became rogue and insubordinate to defy a provost's edict that non-probationary employees that were improving on a performance improvement plan or PIP could not be recommended for termination. And he lied, admitted that he lied to the board that Allen-Noll had not improved in his bogus PIPs. How could this happen at a state school? Yes. How did you raise any issue of fact when you didn't file any disputes to Madison College's statement? Well, I hate to tell you, Your Honor. Mr. Crow, let me finish. You didn't file any factual—you filed a memo in response to their summary judgment memorandum, but you did not file any undisputed facts or dispute Madison College's facts pursuant to the rules. So how have you raised an issue of fact? Well, if I can correct you, Your Honor, I followed the instructions of the District Judge Crocker that if we disputed any of the proposed facts, we should state what the fact was that we were disputing and then state what the dispute to that fact was. And where are you claiming you did that? All I have before me that you filed, in addition to your own memo, which isn't the disputing of facts, I have defendants' proposed findings of fact with your handwriting on it with question marks and some handwritten notes that you really can't decipher. Is that what you're referring to? That's exactly what I am referring to. How on earth is a district court supposed to figure out based on your scribbles and question marks and handwriting that I can't read? Your Honor, that is only some brief comments that I had put on that were at the printer. They could not remove those. So how is the district court supposed to figure out based on this document, Mr. Crow? What it is you're disputing. You keep stating that how can the district court look at that. In fact, the district court, I proposed, as I stated in brief, 89 disputes. No, I didn't say how can the district court look at this. My question to you, Mr. Crow, was how can any court looking at this figure out what it is you're disputing? Your Honor, I just stated I disputed 89 of their facts. And if you have that, you should be able to read those documents. And we're supposed to figure that out based on your question mark handwritten on the side of defendants proposed? Your Honor, I think you are, with all due respect, you are grossly incorrect because Well, Mr. Crow, maybe you could help me figure it out then. My question is, this is the document you're relying on, as you have said, to raise 89 disputed facts. That is correct. How is any court supposed to identify those 89 disputed facts based on this document, Mr. Crow? What you have to do is if you, in fact, read what I titled it, this is the plaintiff's dispute to defendants' proposed facts. Okay, so there are 261 proposed facts here. That is correct. How is the court supposed to figure out which 89 you're disputing? Your Honor, because I did exactly what the judge stated. For instance, at proposed fact 122, which is where they state that they have a policy, excuse me, where they state they disciplined Ms. Noel, I wrote some documentary to state what that meant. I also did that at 50. If you read defendant proposed fact 20, I did an elaborate dispute to that, which included some of the deposition testimony from the African-American witnesses. Where is that elaborate dispute? At defendant proposed fact 20. Where is your elaborate dispute to defendant's proposed fact 20? It should be right up under 20. There isn't even a question mark next to this one. Well, I don't know what you are looking at because what I put down... I'm looking at what you filed in the district court. Well, I don't know what happened because what I filed in the district court was elaborate disputes. 89. At, I believe, number 50, there was elaborate disputes. Counsel, you have one minute left. All right. Okay. Well, let me state this. Without reason, the magistrate discredited all of the black witnesses. The summary discrediting all the black people is not only unconscionable, but this court has ruled that where a jury could have believed that Dane Louse's written appraisals were the truth, corroborated by testimony of Alano and the non-hearsay testimony of students, the judge reversibly errs to usurp and deny Alano that jury function. That's Hassan versus Foley and Lardner. And, in fact, the board, the MATC board, agreed with Alano that she was denied investigation to her... Mr. Cole, thank you. Your time has expired. Okay. Ms. Cook. Thank you. Good morning. May it please the court. This is Erin Cook, appearing on behalf of defendants at Belize. Sometimes it's hard to know where to begin, so let me start, I guess, at the beginning. This is a direct appeal from a summary judgment decision dismissing Ms. Allendale's race discrimination claims under Title VII, Section 1981, and the Equal Protection Clause, as well as an alleged violation of the Due Process Clause. More than five years of state and federal proceedings paved the way to the district court's dismissal of Ms. Allendale's claims against the college, its board of directors, and two individuals in their official capacity. The original complaint alleged 42 claims. That's seven claims against six defendants, nearly half of which failed right out of the gates because they were state law claims clearly preempted by Wisconsin law. Only eight of the original 42 claims survived the motion to dismiss. Then, on the dispositive motion deadline, which came almost one year to the day after she filed her complaint, Ms. Allendale filed a motion to compel, claiming that she didn't have enough time to conduct discovery. The district court rightfully rejected the motion to compel and granted summary judgment to Madison College. The district court had more than enough reason to dismiss her claims on summary judgment. As the court's aware, the record was voluminous, the facts were overwhelmingly in Madison College's favor, and Ms. Allendale induced no evidence of race discrimination or retaliation. Ms. Allendale couldn't defeat the record on summary judgment even if she did it right. But she didn't do it right, and that matters, too. Madison College has been fighting these claims since December 2013. It's time for this case to be over. We ask for affirmance of the district court's dismissal of Ms. Allendale's case on the merits. Now, I'd like to address this court's de novo review of the district court's summary judgment decision first before moving to the discretionary findings. Counsel, I don't think it's necessary to have a discussion of the standard of appellate review here. Yes, Your Honor. The district court provided a thoughtful analysis, ultimately concluding there was no evidence from which a reasonable jury could conclude that Ms. Allendale suffered any adverse employment actions because of either her race or her previous complaints of discrimination. This finding should be affirmed because the critical, undisputed facts demonstrated that Madison College had several good reasons for monitoring her performance, placing her on performance improvement plans, and ultimately recommending non-renewal. She had serious performance issues, all well documented, touching every facet of her job. Madison College wanted to help. It tried to help, but to no avail. It gave her numerous chances, including a new clinical site, a new mentor, multiple performance improvement plans, but she outright refused. She refused even though she admitted at deposition that Madison College's expectations were reasonable, that she was not meeting those legitimate expectations, and she didn't take the performance improvement plans seriously. When it became clear that she wasn't going to do anything to address her performance deficiencies, she was recommended for non-renewal. In a process governed by Wisconsin statute section 118.24, the Board of Madison College decided to non-renew her contract. Ms. Allendale never took responsibility for her poor job performance. Instead, she dug in her heels, casting blame on everyone but herself by resorting to baseless claims of race discrimination. For its part, the college took Ms. Allendale's complaints of discrimination seriously. Her direct supervisor, Dean Lausch, also one of the defendants that believes in this matter, worked with HR and with Ms. Allendale to ensure her concerns were promptly investigated and addressed appropriately. The district court properly concluded that no reasonable jury could find pretext on these facts, and the standard for pretext is high. It means the reasons for her non-renewal were a lie, made up, had no basis in fact. But Ms. Allendale only offered speculation, and speculation alone does not establish pretext. Nor will pretext be found where the decision maker holds an honest belief for the reason it offers. And here, the record demonstrating her failures as a teacher was simply overwhelming. This leaves her procedural due process claims against Dean Lausch and Carolyn Stoner, which didn't survive summary judgment because she did not have a property interest in continued employment. There certainly wasn't a tenure program at Madison College. And as we know from Bishol v. Stonebank School District, dismissal procedures under Wisconsin Statute Section 118.24 don't confer property interest in public school employees' continued employment. In the end, Ms. Allendale was unable to produce sufficient evidence to establish key elements of any of her claims. Let's turn to the district court's discretionary findings. Starting with this decision to require compliance with local rules on summary judgment. Now, it's important to note that the district court did not have to find Madison College's proposed findings of fact undisputed to grant summary judgment in its favor. Nevertheless, it acted well within its discretion to do so. There is absolutely no dispute that Ms. Allendale failed to follow the district court's local rules when opposing summary judgment. Despite being made aware of these local rules, Ms. Allendale failed to separately answer each numbered paragraph and failed to offer her own proposed facts with citations to admissible evidence. Instead, she submitted a photocopy of Madison College's proposed findings of fact with some underlining, question marks, illegible notations in the margins. She submitted her own undated declaration, which largely contradicted her own prior sworn testimony, and a brief that inexplicably cites the purported plaintiff's dispute to defendant's proposed findings of fact, a document that is clearly not part of the court record. Then, two days after her response deadline, she submits a list of exhibits through an affidavit of counsel, still no proposed findings of fact of her own. In its decision, the district court remarked that Allendale did not provide a coherent or meaningful response to any of defendant's proposed findings of fact, and as a result, it accepted most of Madison College's proposed findings of fact as undisputed. This discretionary decision by the district court was, without question, reasonable and sound. As for the district court's denial of Ms. Allendale's motion to compel, those decisions are generally upheld as a matter of routine. It hardly bears much time and attention, but it's worth briefly looking at what happened here. First, look in the record and see what Ms. Allendale filed, a 16-page hodgepodge of baseless accusations and perfunctory and generally incoherent arguments. Then look at what Madison College filed. It had to strip away all of the heated rhetoric and then try to explain what Ms. Allendale was arguing and then respond to each concern, one by one, under the applicable standards. In the meantime, the district court paused briefing on summary judgment, ultimately giving Ms. Allendale 45 days instead of the usual 21 to respond, reviewed the party's submissions, and then took it upon itself to double-check the record to search for any basis to order the requested discovery. Finding none, the district court denied the motion to compel and further concluded that the motion wasn't substantially justified under Federal Rule 37A and had ordered Ms. Allendale and her counsel to reimburse Madison College for the fees and costs in opposing the motion. Undeterred, Ms. Allendale moved to reconsider, which the district court subsequently denied in yet another lengthy order. Nothing in the district court's motion to compel ruling represents an abuse of discretion either. In the few remaining moments, I'd like to address the motion for sanctions. This court may award sanctions under Federal Rule of Appellate Procedure 38 when an appeal is frivolous and sanctions are appropriate. This is an objective test that depends on work product, not the lawyer's state of mind. This appeal is the definition of frivolity. An appeal is frivolous when 1. the result is obvious, 2. the felon's claims are cursory and undeveloped, 3. they reassert a previously rejected version of the facts, or 4. they rehash positions the district court properly rejected. All of those factors are found here. Her superficial legal arguments do not provide any basis to reverse the decisions of the district court. Her previously rejected versions of the facts... She offers the same argument and case law the district court twice rejected. Sanctions are warranted. She had no hope on appeal. She knew coming here was not going to be any better, but she did it anyway. All of this compounded by the fact she couldn't file in compliance with the rules of this court. And when she did file something, it came at great cost to Madison College. Having to sit through six iterations of her brief and appendices, tracking substantive edits, attempting to make sense of her disorderly filings was a massive undertaking. And her disputes, quote-unquote disputes, documents she references throughout her briefs, it was never part of the district court record. 17 pages of this never-before-seen document appeared in her first appendix, which was stricken, but one page remains in her accepted supplemental short appendix. Your counsel surely knows that's improper and fraud on this court. Thank you, counsel. The case is taken under advisement.